POLSTON, J.,
dissenting.
This Court does not have the constitutional authority to review this, case'because the Second District’s decision in State Farm Mutual Automobile Insurance Co. v. Joerg, - So.3d -, 38 Fla. L. Weekly D1378, 2013 WL 3107207 (Fla. 2d DCA June 21, 2013), does not expressly and directly conflict with this Court’s decision in Florida Physician’s Insurance Reciprocal v. Stanley, 452 So.2d 514 (Fla.1984), on the same question of law. See, art. V, § 3(b)(3), Fla. Const.
In Stanley, 452 So.2d at 515, this Court held that “evidence of free or low cost services from governmental or charitable agencies available to anyone with specific disabilities is admissible on the issue of future damages.” This Court in Stanley stated that “the common-law collateral source rule should be limited to those benefits earned in some way by the plaintiff. Governmental or charitable benefits available to all citizens, regardless of wealth or status, should be admissible for the jury to consider in determining the reasonable cost of necessary future care.” Id. Relying on this Court’s decision in Stanley, the Second District held that Joerg’s receipt of medical services from Medicare is admissible to determine future damages because Joerg did not contribute to or pay for the Medicare benefits. Joerg, - So.3d at -, 38 Fla. L. Weekly at D1379. Specifically, the. Second District explained that “[n]o record evidence shows that Joerg contributed to the financing of the Medicare program;” therefore, Joerg’s Medicare benefits “are unearned under Stanley and not subject to exclusion under the collateral 'source rule.” Id. at -, D1379-80. Accordingly, because both' this Court in Stanley and the Second District in Joerg concluded that only government benefits earned in some way by the plaintiff should be excluded from evidence under the collateral source rule, no conflict .exists!
I respectfully dissent.
CANADY, J., concurs.